IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-100-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIFFANY M. LOPEZ | ) | |

This matter is before the Court on defendant's *pro se* motion requesting that the Court order the Bureau of Prisons to comply with its judgment and immediately begin and continue throughout defendant's incarceration to withhold $25 per quarter from her trust account through the Inmate Financial Responsibility Program.

## BACKGROUND

Defendant, Lopez, pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and was sentenced by this Court to a term of fifty-four months' imprisonment. [DE 22]. As part of the judgment, Lopez was ordered to pay $772,775.79 in restitution as well as a $100 special assessment. *Id.* The judgment indicates the monetary penalties are to be paid as follows:

> Payment of the special assessment shall be due immediately. Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available.

*Id.* at 6.

## DISCUSSION

There is a system in place within the Bureau of Prisons for addressing complaints about the administration of restitution payments. Lopez must pursue her claims administratively before seeking redress in this Court. *See McKart v. United States*, 395 U.S. 185, 193 (1969)

("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)); *see also* 28 C.F.R. § 542.10, *et seq.* Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. *McClung v. Shearin*, 90 F. App'x. 444, 445 (4th Cir. 2004).

Here, there is no evidence that Lopez has sought relief from—much less exhausted—her administrative remedies, nor has she alleged that her failure to exhaust her administrative remedies is because following the procedure would be futile. Moreover, a challenge to the collection of restitution payments under the IFRP is properly brought as a petition for habeas corpus under 28 U.S.C. § 2241 as it challenges the execution, and not the legality, of a defendant's sentence. *See Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (citing *Blaik v. United States*, 161 F.3d 1341, 1342 (11th Cir. 1998)).

## CONCLUSION

Accordingly, defendant's motion [DE 30] on is DENIED WITHOUT PREJUDICE. The clerk is DIRECTED to provide defendant with forms on which to file a petition pursuant to 28 U.S.C. § 2241 should she choose to do so.

SO ORDERED, this 17 day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2